### REPELYE v. LYNCH.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

ACTION FOR ARCHITECT'S SERVICES—JUDGMENT—EVIDENCE—SUFFICIENCY.

In an action for architect's services the evidence was conflicting as to whether the plans were workable. It appeared that, after the summons was served, defendant submitted the plans to the building department, and that they were not approved; but there was some question whether the objections were based on the plaintiff's errors, or could not have been easily obviated. On cross-examination, defendant was asked, "You didn't deny the fact that you owed the money until you were sued?" and he answered, "I don't deny it now." *Held* insufficient to sustain a judgment for defendant.

Appeal from Municipal Court, Borough of Queens, Second District.

Action by John A. Repelye against William J. Lynch. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

John T. Robinson, for appellant.
John M. Cragen, for respondent

PER CURIAM. We think that a new trial should be ordered. The action is for architect's services. It is not clear that the defendant rejected the plans as finally submitted. If he did, it is not clear but that his reason for rejection was his final determination not to put up the house. Of course, the plans must be workable. As to that the experts clashed.

The fact that after the summons was served the defendant submitted the plans, with his application, to the building department, in order to test them, and that the plans were not approved, is not controlling in this case. For there is some question whether the plans thus submitted were defective, within all of the objections, and, if objectionable in some respects, whether the objections were based upon the plain-

tiff's errors or omissions, or could not have been easily obviated. Moreover, on cross-examination the defendant was asked, "You didn't deny the fact that you owed the money until you were sued?" and he answered, "I don't deny it now." He did not attempt to retract or qualify the answer. Judgment of municipal court reversed, and new trial ordered, costs to abide the event.

HOOKER, J., not voting.